[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13033

_____

D. C. Docket No. 05-00951-CV-JOF

HIWASSEE COLLEGE, INC.,

 Plaintiff-Appellant,

versus

THE SOUTHERN ASSOCIATION OF COLLEGES AND SCHOOLS,

 Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 14, 2008)**

Before BARKETT and FAY, Circuit Judges, and ANTOON,[*] District Judge.

PER CURIAM:

_____

 [*] Honorable John Antoon, III, United States District Judge for the Middle District of Florida, sitting by designation.

Hiwassee College, a small private faith-based two-year residential college located in rural Madisonville, Tennessee, appeals from the district court's grant of summary judgment to the Southern Association of Colleges and Schools ("SACS"), the private accrediting agency responsible for accreditation decisions in the southern region of the United States. Hiwassee argues in removing its accreditation, SACS failed to comply with its own requirements, and denied Hiwassee due process under the common law, the Higher Education Act ("HEA"), and the Fifth Amendment of the Constitution. We affirm the district court decision that SACS is entitled to judgment as a matter of law.[1]

As a preliminary matter, Hiwassee's argument that the HEA provides Hiwassee with a private right of action is foreclosed by this Court's opinion in McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1224 (11 Cir. 2002), in which we expressly declined to find an implied private right of action under the HEA.[2] Finding no reason to revisit this well-established precedent, we affirm the district

---

[1] We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

[2] Hiwassee argues that McCulloch is distinguishable because it dealt only with parents seeking to sue regarding student loans and not with a college challenging the termination or withdrawal of accreditation. Our analysis in McCulloch reveals, however, that even if the party seeking a private right of action under the HEA was deemed to be of a class that the HEA was intended to protect, the second and most important prong of the Cort v. Ash, 422 U.S. 66 (1975) analysis would still bar the finding of an implied private right of action. Id. at 1222 (finding that there is no explicit or implicit indication of legislative intent to create a private right of action).

court's ruling that Hiwassee does not have an express nor implied right of action to sue SACS under the HEA.

We also reject Hiwassee's argument that SACS is a governmental actor bound by the Fifth Amendment's due process clause.[3] While this is an issue of first impression for our Court, the overwhelming majority of courts who have considered the issue have found that accrediting agencies are not state actors. See e.g., McKeesport Hosp. V. Accreditation Council for Graduate Med. Educ., 24 F.3d 519, 524–25 (3d Cir. 1994); Chicago Sch. of Automatic Transmissions, Inc. V. Accreditation Alliance of Career Schs. & Colls., 44 F.3d 447, 449 n.1 (7th Cir. 1994). Absent any persuasive authority to the contrary, we are not persuaded that SACS's determination to terminate Hiwassee's accreditation constituted state action.

Without deciding whether accrediting agencies "have a common law duty to

---

[3] Hiwassee argues that the "pervasive entwinement" analysis recently used by the Supreme Court in Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001) should be extended to apply to accrediting agencies. Even were we to do so, however, the record before us would not allow us to find that the Department of Education ("DOE") is pervasively entwined with SACS for the same reasons that their relationship fails to satisfy the joint action test for state actors: SACS is self-governed and receives no funding from the federal or state governments; SACS determines its own membership in accordance with its own standards; DOE has never delegated to SACS its authority to terminate federal funds; and Hiwassee maintains contact with the DOE and federal government absent involvement with SACS. Though SACS is undoubtedly governed by the requirements delineated by Congress in the HEA for recognition of accrediting institutions, this alone does not outweigh the factors indicating that SACS is in fact a private, independent entity.

3

employ fair procedures when making decisions affecting their members," <u>Thomas M. Cooley Law School v. The Amer. Car. Ass'n</u>, 459 F.3d 705, 711 (6th Cir. 2006),[4] we agree with the district court that SACS complied with any common law due process requirements in terminating Hiwassee's accreditation. Hiwassee never argues that it was actually in compliance with SACS's accreditation criteria. The procedural components of Hiwassee's argument fail to show a violation of common law due process, or that SACS's decision to terminate Hiwassee from membership based on its continuous troubled financial condition was arbitrary and capricious.

Accordingly, the judgment of the district court is

**AFFIRMED**.[5]

---

[4] We apply the standard of review delineated in <u>Cooley</u>, and review "only whether the decision of an accrediting agency such as [SACS] is arbitrary and unreasonable or an abuse of discretion and whether the decision is based on substantial evidence." <u>Id.</u> at 712.

[5] We note that on June 8, 2007, the district court granted Hiwassee's emergency motion to stay the district court's June 1, 2007 order pending this appeal. In conjunction with this opinion, we hereby vacate the emergency stay so that the district court's June 1, 2007 order may take immediate effect.